UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION

LINDA HAMILTON,

    Plaintiff,

vs.                        CASE NO:   07-1357-MLB-KMH

IKM, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Linda Hamilton ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues IKM, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans With Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the District of Kansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

3.    Plaintiff, Linda Hamilton (hereinafter referred to as "Hamilton") is a resident of the State of Kansas and is a qualified individual with a disability under the ADA. Hamilton suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from quadriplegia and requires the use of a wheelchair for mobility and has

limited use of her upper extremities. Prior to instituting the instant action, Hamilton visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Hamilton continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, IKM, LLC, is a limited liability corporation registered to do business and, in fact, conducting business in the State of Kansas. Upon information and belief, IKM, LLC (hereinafter referred to as "IKM") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Bennigan's restaurant located at 111 South Rock Road, Wichita, Kansas (hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the District of Kansas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by IKM is a place of public accommodation in that it is a restaurant operated by a private entity that provides goods and services to the public.

8. Defendant IKM, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in

derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by IKM. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA. Hamilton has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. IKM is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

(i) The accessible parking spaces lack access aisles and are not located on the closest accessible route;

(ii) The curb ramps leading from the accessible parking spaces lack flared sides;

(iii) The handles on the exterior set of doors are too high for a wheelchair user;

(iv) The distance in the vestibule between the interior and exterior entry doors is too short, such that there is not enough clear floor space for a wheelchair user to open the interior vestibule door;

(v) The lavatory in the women's toilet room is too low and does not provided knee clearance for a wheelchair user;

  (vi)  The pipes underneath the lavatory in the women's toilet room are not insulated;

  (vii)  The accessible toilet stall in the women's toilet room is too small for a wheelchair user and no standard accessible toilet stall is provided;

  (viii)  The paper towel dispenser in the women's toilet room is too high;

  (ix)  Accessible signage is not provided adjacent to the latch side of the women's toilet room entry door and the toilet room entry door is too heavy.

12. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by IKM that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, IKM was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, IKM has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by IKM pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against IKM and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by IKM, LLC is violative of the ADA;

    B.    That the Court enter an Order directing IKM, LLC to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing IKM, LLC to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted this __14__ day of November 2007.

s/Lawrence W. Williamson

| | |
|---|---|
| Lawrence W. Williamson, Jr. | Edward I. Zwilling, Esq. |
| Kansas State Bar No.: 21282 | Ala. Bar No. ASB-1564-L54E |
| Williamson Law Firm, LLC | Schwartz Zweben & Slingbaum, LLP |
| 816 Ann Avenue | 600 Vestavia Parkway |
| Kansas City, Kansas 66101 | Suite 251 |
| Telephone: (913) 871-7060 | Birmingham, Alabama 35223 |
| Facsimile: (913) 535-0736 | Telephone: (205) 822-2701 |
| Email: | Facsimile: (205) 822-2702 |
| l.williamson@williamsonfirm.com | Email: ezwilling@szalaw.com |